# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex. rel.* ) <br> CHARLES RASMUSSEN, D.O. ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> ESSENCE GROUP HOLDINGS ) <br> CORPORATION; *et al.*, ) <br> ) <br> Defendants, ) | Civil Case No. 17-3273-CV-S-BP |

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

This is a *qui tam* action, filed pursuant to the False Claims Act, 31 U.S.C. § 3729 *et seq.* Pending is Defendants' Motion to Dismiss, (Doc. 18), which seeks dismissal because the Complaint was not timely served. For the reasons set forth below, the motion is **DENIED.**

As required by 31 U.S.C. § 3730(b), the Complaint was filed in camera and the entire case remained under seal while the Government considered whether to intervene. On January 18, 2019, the Government filed a Notice announcing that it was not going to intervene. (Doc. 10.) However, the Notice does not state that the Government served a copy on Plaintiff, and because the case was under seal at the time the Court's CM/ECF system did not automatically e-mail notice of the filing to Plaintiff's counsel. This fact is confirmed by examining the receipt for the Notice.

On January 23, the Court issued an Order directing that the Complaint be unsealed and served on Defendants. (Doc. 11.) However, the Order was filed while the case was still sealed – so, as with the Government's Notice, the Court's CM/ECF system did not automatically e-mail notice of the Order's filing to Plaintiff's counsel. This is confirmed by examining the receipt for

the Order. Once these facts were learned, on February 11 the Court emailed Plaintiff's counsel and provided a copy of the Order. (Doc. 24-1.)

On May 10, Plaintiff filed a Motion for Extension of Time to serve the Complaint. (Doc. 12.) This was (1) 107 days after the Court issued its Order unsealing the Complaint and directing that it be served, but (2) 88 days after the Court sent the email notifying Plaintiff of (and supplying a copy of) the Order. The motion recited that it was filed before the time for effecting service expired, which it mistakenly (*see* Fed. R. Civ. P. Rule 4(m)) indicated was 120 days and explained that the extension was sought because Plaintiff intended to file an Amended Complaint. The Court granted the motion and extended the deadline for service to September 20. (Doc. 13.)

Plaintiff's justification for the extension – that he intended to file an Amended Complaint – was particularly significant given that this is a *qui tam* action. As stated earlier, the False Claims Act requires that a complaint be filed under seal and *in camera* to afford the Government an opportunity to decide whether to intervene. This requirement apparently applies to amended complaints as well – which meant that Plaintiff's Amended Complaint would be sealed and the case delayed while the Government decided whether to intervene. This eventuality was borne out by the Court's Order granting Plaintiff leave to file an Amended Complaint and holding the case in abeyance. (Doc. 15.) In light of these facts, there was no practical value in serving the original Complaint.

It is against this background that Defendants ask that the case be dismissed. They contend that (1) the Complaint was not served within ninety days of the case being unsealed on January 23, (2) Plaintiff's motion to extend the deadline was filed after the deadline expired, and (3) Plaintiff attempted to mislead the Court into believing that its motion was filed before the deadline

2

Case 6:17-cv-03273-BP   Document 29   Filed 07/15/19   Page 2 of 3

expired by misstating that he had 120 days to effect service. Despite Defendants' tone of outrage the Court is not persuaded, and the motion is denied.

First, it is true that Plaintiff incorrectly stated that he had 120 days to serve the Complaint. However, the Order giving Plaintiff permission to (and directing him to) serve the Complaint was not provided to him until February 11. This delay was attributable to the Court and not to Plaintiff, and fairness dictates that the time to effect service commence when the Court provided Plaintiff with effective notice on February 11 and not when the Court issued the Order on January 23. Accordingly, Plaintiff's motion to extend the deadline was filed before the deadline expired.

To the extent that Defendant contends there was not good cause to grant the extension, the Court disagrees. As explained above, Plaintiff expressed a desire to file an Amended Complaint – which was going to (1) replace the original Complaint and (2) cause the case to be effectively stayed. Under those circumstances, there appeared to be little utility in requiring Plaintiff to serve the original Complaint. And, to the extent that it is relevant, the Court notes that Defendant has not identified any prejudice.[1]

For these reasons, the Court concludes that (1) Plaintiff timely requested an extension of time to serve the Complaint, (2) Plaintiff showed good cause for extending the deadline, and (3) the Court's decision to grant the extension of time was a proper exercise of its discretion. The Motion to Dismiss is denied.

**IT IS SO ORDERED.**

Date: July 15, 2019

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] It also appears that Defendants fault the Court for granting the extension without letting them respond to the motion. (Doc. 28, p. 2.) However, at the time Defendants' counsel had not entered an appearance and there was no reason to suspect they were aware of the motion (or had even been retained by Defendants), so waiting for a response would likely have been futile.